**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4419**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

REYNALDO CALDERON, a/k/a Ray,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   David A. Faber, Senior District Judge.  (7:12-cr-00037-FA-1)

---

Submitted: April 18, 2016        Decided:  April 26, 2016

---

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed in part, dismissed in part by unpublished per curiam opinion.

---

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reynaldo Calderon pled guilty in accordance with a written plea agreement to: conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951 (2012); using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(B)(i) (2012); conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, 21 U.S.C. § 846 (2012); kidnapping resulting in death, 18 U.S.C. § 1201(a) (2012); and kidnapping, 18 U.S.C. § 1201(a) (2012). Calderon was sentenced to life in prison and a consecutive term of 120 months. He now appeals. His attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), claiming that the district court erred in not granting the Government's motion for a departure based on substantial assistance but stating that there are no meritorious issues for appeal. Calderon was advised of his right to file a pro se supplemental brief but did not file such a brief. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement. Calderon opposes the motion. We affirm in part and dismiss in part.

The appeal waiver did not apply to Calderon's convictions. Having reviewed the entire record, we hold that: the district court substantially complied with Fed. R. Crim. P. 11; there was

a factual basis for the plea; and the plea was knowingly and voluntarily entered. Accordingly, we affirm the convictions.

In the plea agreement, Calderon waived his right to appeal his sentence, with certain exceptions not applicable here. Upon review of the record, we conclude, given the totality of the circumstances, that the waiver is valid and enforceable. We further find that the sentencing issue Calderon seeks to raise on appeal falls within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). Accordingly, we grant the motion to dismiss Calderon's appeal of his sentence.

Pursuant to Anders, we have reviewed the entire record for meritorious, nonwaivable issues and have found none. We therefore affirm in part and dismiss in part. This court requires that counsel inform Calderon, in writing, of his right to petition the Supreme Court of the United States for further review. If Calderon requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Calderon. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART